(21 App. Div. 514.)

## In re H. HERRMAN LUMBER CO.

(Supreme Court, Appellate Division, First Department.   November 5, 1897.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—INSPECTION OF BOOKS.
    Under section 3, subd. 5, of the act relating to assignments for the benefit of creditors (Laws 1877, c. 466, as amended by Laws 1878, c. 318, § 1), a creditor has the right, at any and all times, to inspect and examine the books and papers of the assignor.

Appeal from special term.

In the matter of the estate of R. Rothschild's Sons Company, the H. Herrman Lumber Company applied for an order to allow it to inspect the books and papers of the insolvent firm.   From an order directing Benjamin F. Cahn, assignee, to allow such inspection, he appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Emanuel S. Cahn, for appellant.

J. A. MacElhenny, for respondent.

WILLIAMS, J.   The order appealed from was made upon affidavits showing that the moving party, a New York corporation, was a creditor of the assignor, an Ohio corporation, to the amount of $706.30, for goods sold and delivered;   that the assignment was made July 19, 1897, to and accepted by the assignee, and filed and recorded in the clerk's office in the city of New York;   that the creditor desired its principal bookkeeper to inspect and examine the books and papers of the assignor, and instructed him to request the assignee to allow such inspection and examination to be made;   that pursuant to such instructions, on the 5th day of August, 1897, the bookkeeper requested the assignee to permit such inspection and examination, and the assignee replied that he could not allow the books to be examined and inspected, as they were not there, and that they might be in Cincinnati;   that he would not say where they were, and refused any further information.   No affidavits were read in behalf of the assignee, who had notice and appeared upon the hearing of the motion.

It is claimed in behalf of the assignee that there is no law, statutory or otherwise, which authorized the court to make the order merely because the creditor desired to make the inspection and examination of the books and papers, and the assignee refused it; that the order could only be made upon its appearing that such inspection and examination were necessary for some purpose disclosed in the papers upon which the order was made.   It must be noticed that this order was not made under section 21 of the assignment act, which provides for an examination of witnesses and the production

of the books and papers before a referee. The order was made under section 3 of the act, so far as there was any statutory power to make it. That section provides that the debtor shall make an inventory or schedule within 20 days after the making of the assignment, and, in case the debtor shall omit, neglect, or refuse to make it within the 20 days, the assignee, within 30 days after the date of the assignment, shall make the schedule or inventory; and for such purpose the county judge, upon the application of the assignee, may, by order, compel such delinquent debtor and any other person to appear and be examined, and the county judge may extend the assignee's time for making the inventory or schedule beyond the 30 days; and, if the assignee fail to make it within the 30 days or the further time allowed, the county judge shall by order require the assignee to show cause why he should not be removed, and any one interested in the trust may apply for such order; and then the provision in question here follows in these words:

"The books and papers of such delinquent debtor shall at all times be subject to the inspection and examination of any creditor. The county judge is authorized by order to require such debtor or assignor to allow such inspection or examination. Disobedience of such order is hereby declared to be a contempt, and obedience to such order may be enforced by attachment."

The section then closes with a provision for filing of the inventory or schedule by the county judge in the office where the assignment is recorded. It is said that this provision is applicable only to a debtor who fails to make the inventory or schedule as required in this section, and, such delinquency not having been shown by the moving papers here, the order was not authorized by this statute.

We think this is too narrow a construction of this statute. The statute provides that the books and papers shall "at all times" be subject to inspection and examination, not merely after the debtor is so delinquent. The statute was treating in this section of the making of inventory and schedule, and the assignor was therein designated as a "debtor" and a "delinquent debtor"; but we think the intention of the legislature was to provide that a creditor might at any and all times inspect and examine the books and papers of the assignor, and the words "debtor" and "delinquent debtor" were in this section used as synonymous with the word "assignor." This construction is in harmony with our views of the rights of the creditors. The assignee is not appointed to protect or shield the debtor or to secrete his affairs from his creditors. The business of the assignor in the hands of his assignee should be thrown open to the examination of the creditors, in order that they may be able to examine and see whether there has been any dishonesty in making the assignment, whether any property has been improperly disposed of or withheld from the assignment, and whether the assignment is valid or invalid. Neither the assignor nor the assignee should be permitted to refuse an inspection or examination of the books and papers of the assignor without any reason being alleged, and thus prevent the creditors from satisfying themselves as to the honesty of the assignment. In this case the assignor, at the time the request was made for an inspection and examination of the books and pa-

pers, said that they were not there; but he produced no affidavits upon the hearing of the motion that he had not the custody of the books and papers, or that there was any other reason why he could not comply with the request or with the order, if made.   In the absence of such showing, it was fairly to be presumed that the books and papers were where they should be, in his custody or under his control.   We think the creditor was entitled of right to inspect the books and papers, because he desired to do so, and that it was not necessary for him to show in support of the motion that there was some reason why it was necessary that he should do so.   We may assume he desired to make the inspection and examination to ascertain whether there was any dishonesty in the assignment, and that was a sufficient reason.   The fair protection of creditors against fraud and dishonesty in assignments requires that there should be the fullest access by the creditors to the books and papers of the assignor.

Our conclusion is that the order was properly granted, under the provision in section 3 of the assignment act, above quoted; and that it should be affirmed, with $10 costs and disbursements.   All concur.