### In re MEYER et al.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

ASSIGNMENT FOR CREDITORS—INSPECTION OF BOOKS.

    Under section 3, subd. 5, of the general assignment act (Laws 1877, c. 466), a creditor is entitled, as of right, at any and all times to inspect and examine the books and papers of the assignor, without assigning any reason for his desire to do so. His purpose is immaterial.

Appeal from special term, New York county.

In the matter of Charles H. Meyer and others, certain creditors appeal from an order denying inspection of books in hands of assignee. Reversed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George W. Wickersham, for appellants.

C. E. Rushmore, for respondent.

PER CURIAM. The petitioners were creditors of the firm of Pagenstecher & Co., a special or limited partnership. They made

application, under subdivision 5 of section 3 of the general assignment act, for leave to inspect the books of that firm; those books being in the possession of Mr. De Frece, the assignee for the benefit of creditors of that firm. The court below denied the application, apparently on the ground that it was not the intent of the statute to confer a right to examine the books upon a creditor whose purpose in the examination was not related in some way to the assignment itself. The reason for seeking an examination was not stated in the petition, but in affidavits presented by the assignee it was set forth that the object of the petitioners was to seek for proof that would disclose or establish a cause of action against a special partner, to charge him as a general partner of the insolvent and assigning debtors. The subdivision of section 3 referred to confers a right upon the creditor, and enacts that the books and papers of a delinquent debtor shall be at all times subject to the inspection of any creditor. In Re Herrmann Lumber Co., 21 App. Div. 514, 48 N. Y. Supp. 509, we said that the intention of the legislature was, as we thought, to provide that a creditor might at any and all times inspect and examine the books and papers of the assignor, and was entitled as of right to inspect such books and papers because he desired to do so, and that it was not necessary for him to show in support of the motion that there was some reason for his seeking the examination. The right given by the statute is clear in terms. The assignee is a trustee for the creditors, and they are entitled to such information as the books will furnish concerning the business and affairs of their debtors; and there is no good reason why that right, which is expressly and positively given by the statute, should be limited or restrained in the manner contended for by the respondent.

The order should be reversed, and the motion for inspection granted.