In the Matter of the Petition of Charles H. Meyer and Frederick Delvigne, Creditors of Rudolph Pagenstecher and Others, to Obtain an Inspection of the Firm Books.

Charles H. Meyer and Frederick Delvigne, Appellants; Abram B. de Frece, as Assignee for the Benefit of Creditors of Rudolph Pagenstecher and 'Others, Respondent.

*Inspection of the books of a debtor — it may be granted, although sought for the purpose of charging a special partner as a general partner.*

Under subdivision 5 of section 3 of the General Assignment Act (Chap. 466, Laws of 1877) creditors of a delinquent debtor are entitled to such information as the latter's books will furnish concerning his business and affairs; and it is no objection to the granting of an application for leave to inspect the books of a firm, that the petitioner's object is to seek for proof that will disclose or establish a cause of action against a special partner and charge him as a general partner of the insolvent and assigning debtors.

Appeal by the petitioners, Charles H. Meyer and another, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1898, denying their motion for an order granting them leave to inspect the books in the hands of the assignee of Rudolph Pagenstecher and others.

*George W. Wickersham,* for the appellants.

*Charles E. Rushmore,* for the respondent.

PER CURIAM:

The petitioners were creditors of the firm of Pagenstecher & Co., a special or limited partnership. They made application, under subdivision 5 of section 3 of the General Assignment Act (Chap. 466, Laws of 1877), for leave to inspect the books of that firm, those books being in the possession of Mr. de Frece, the assignee for the benefit of creditors of that firm. The court below denied the application, apparently on the ground that it was not the intent of the statute to confer a right to examine the books upon a creditor whose purpose in the examination was not related in some way to the assignment itself. The reason for seeking an examination was not stated in the petition; but in affidavits presented by the assignee it was set forth that the object of the petitioners was to seek for proof that would disclose or establish a cause of action against a special partner to charge him as a general partner of the insolvent and assigning debtors.

The subdivision of section 3 referred to confers a right upon the creditor and enacts that the books and papers of a delinquent debtor shall be at all times subject to the inspection of any creditor. In the *Matter of Herrmann Lumber Co.* (21 App. Div. 514) we said that the intention of the Legislature was, as we thought, to provide that a creditor might at any and all times inspect and examine the books and papers of the assignor, and was entitled as of right to inspect such books and papers because he desired to do so, and that it was not necessary for him to show in support of the motion that there was some reason for his seeking the examination. The right given by the statute is clear in terms. The assignee is a trustee for the creditors, and they are entitled to such information as the books will furnish concerning the business and affairs of their debtors, and there is no good reason why

that right, which is expressly and positively given by the statute, should be limited or restrained in the manner contended for by the respondent.

The order should be reversed and the motion for inspection granted.

Present — Patterson, Rumsey, O'Brien and Ingraham, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.